KUHN, J.,
concurring.
| ¶ While this court cannot reach an executable majority addressing the merits of this case, I write separately to address why the trial court’s judgment should be affirmed on the merits.
Plaintiff, Cathy Reinhardt, does not challenge that the acts of defendant, Mr. Barger, and his sons were intentional and that the language of Allstate’s homeowners’ policy excludes liability arising from intentional acts, unless the policy language is deemed against public policy. Plaintiffs sole argument advanced on appeal is that the “intentional act” exclusion contravenes Louisiana public policy, because it applies to a parent’s vicarious liability for the acts of a minor under La. C.C. art. 2318. Plaintiff relies on Louisiana Insurance Commissioner’s Directive 152 to support her argument. That directive states, in pertinent part:
When consumers purchase homeowner’s insurance, them intent is to purchase a broad package policy to protect themselves from a broad range of risks that may arise out of homeownership and personal liability. A limitation for liability coverage related to children is not a reasonable expectation of the policyholder. No homeowner would knowingly purchase a homeowner’s policy limiting coverage for them liability with respect to their children.
Because the Department of Insurance is charged with the duty of regulating the business of insurance in the public interest, the Department of Insurance views the use of any type of limitation clause in a homeowner’s policy which results in limiting the liability coverage of an insurer for parents’ vicarious liability for acts of their children is against the public interest.
|2This language does not specifically address intentional acts of a minor, so it is unclear whether the Commissioner contemplated the factual situation at hand or was attempting to solely address blanket reductions in coverage when the liability is based on the vicarious liability of the parents’ minor children, which would also lim *131 it liability for negligent acts. But even if the Commissioner contemplated exclusions for liability based on intentional acts of minors, the Commissioner’s directive is not controlling in this case.
The Office of the Commissioner of Insurance is a constitutionally-created office, and the elected official holding that office is charged with the administration of the Insurance Code and the protection of the public interest in the realm of insurance. See La. Const. Art. IV § 11; La. R.S. 22:2; Doerr v. Mobil Oil Corp., 00-0947, pp. 23-24 (La.12/19/00), 774 So.2d 119, 134. Due to the Commissioner’s role in the regulation of Louisiana insurance law, his opinion regarding matters within this province is persuasive. However, it is the job of the courts to resolve disputes over insurance coverage. See La. Const. Art. V, § 1; Doerr, 00-0947 at p. 24, 774 So.2d at 134. Thus, we cannot allow the commissioner to usurp either the legislative or judicial role.
As a strict constructionist, I believe the role of the judiciary is to apply the laws as written by the legislature. Pursuant to La. C.C. art.2047, “[t]he words of a contract must be given their generally prevailing meaning.” Because there is no ambiguity in the policy in question, its words should be given effect. In the absence of a conflict with a statute or public policy, insurers have the same rights as individuals to limit their liability and impose whatever conditions they desire upon their obligations. Sims v. Mulheam Funeral Home, Inc., 07-0054 (La.5/22/07), 956 So.2d 583, 595. The insurance policy establishes the limits of liability, and that policy is the law between the parties. Id. at pp. 18-19, 956 So.2d Rat 595. When the provisions of the policy are clear and unambiguous, we must enforce the policy as written. La. C.C. art.2046.
The apparent public policy consideration underlying the exclusion of insurance coverage for intentional torts is that a person should not have advance protection against the consequences of his intentional wrongdoing. I see no compelling public policy argument that would contradict the extension of this principle to minors who engage in intentional wrongdoing. Why should the insurer bear the costs that arise from this intentional activity rather than the parents who should be supervising their minor children? Thus, I conclude that Allstate’s policy language should be given effect, and this court should affirm the trial court’s judgment, which granted Allstate’s motion for summary judgment and dismissed plaintiffs claims against Allstate.